**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| DENALI EXPRESS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| UNDERWRITERS AT LLOYD'S, LONDON, | ) | Honorable Judge: |
| APPALACHIAN UNDERWRITERS, INC., | ) | |
| WHITE OAK UNDERWRITING AGENCY, and | ) | Magistrate: |
| WHOLESURE SOLUTIONS LLC d/b/a | ) | |
| WHOLESURE | ) | |
| BROKERAGE & BINDING, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT AT LAW</u>

NOW COMES the PLAINTIFF, DENALI EXPRESS INC., by its attorney, IGOR BOZIC, complaining of the defendants UNDERWRITERS AT LLOYD'S, LONDON, APPALACHIAN UNDERWRITERS, INC., WHITE OAK UNDERWRITING AGENCY, and WHOLESURE SOLUTIONS, LLC d/b/a WHOLESURE BROKERAGE & BINDING, and pleading in the alternative, states as follows:

### PARTIES

1. This is a civil action for damages arising under Illinois law for (i) breach of contract; (ii) bad faith insurance practices, including vexatious and unreasonable delay in violation of 215 ILCS 5/155; and (iii) negligence, all stemming from the Defendants' issuance, management, and denial of an insurance claim related to a commercial trucking policy.

2. Plaintiff DENALI EXPRESS INC. ("DENALI") is an Illinois corporation with its principal place of business in Addison, DuPage County, Illinois, and conducts business within the Northern District of Illinois.

3. Defendant UNDERWRITERS AT LLOYD'S, LONDON ("LLOYD'S") is an insurance carrier comprised of one or more syndicates, operating as a non-admitted surplus lines insurer under Illinois law (215 ILCS 5/445), incorporated and having principal place of business in London, England. At all times relevant, LLOYD'S provided physical damage insurance coverage to Plaintiff and conducted business within the Northern District of Illinois.

4. Defendant APPALACHIAN UNDERWRITERS, INC. ("AUI") is a Tennessee corporation authorized to act as a Managing General Agent (MGA) with binding authority on behalf of one or more Lloyd's syndicates. AUI performed underwriting, policy issuance, and claims related functions on the insurance policy at issue and transacted business in the Northern District of Illinois. Upon information and belief, AUI participated materially in the denial and/or mishandling of Plaintiff's claim.

5. Defendant WHITE OAK UNDERWRITING AGENCY ("WHITE OAK") is, upon information and belief, a foreign business entity organized and existing under the laws of the United Kingdom, with its principal place of business in London, England. WHITE OAK operates as a Managing General Agent ("MGA") with delegated underwriting and claims authority on behalf of certain syndicates of Underwriters at Lloyd's, London ("LLOYD'S"), including in the commercial motor carrier and trucking insurance sector. In this capacity, WHITE OAK actively participated in the underwriting, policy issuance, claims evaluation, and/or denial of coverage related to the subject insurance policy issued

to Plaintiff. At all relevant times, WHITE OAK regularly transacted business in the United States, including within the State of Illinois, by marketing, underwriting, or servicing commercial trucking insurance policies issued through surplus lines or non-admitted carriers. Upon information and belief, WHITE OAK materially contributed to and/or directed the denial, mishandling, or delay of Plaintiff's insurance claim, as further alleged herein.

6. Defendant WHOLESURE SOLUTIONS LLC d/b/a WHOLESURE BROKERAGE & BINDING ("WHOLESURE") is a citizen of the State of Michigan and a brokerage entity, which held itself out as a retail or wholesale insurance producer involved in the placement, sale, or servicing of the Lloyd's-issued policy at issue. WHOLESURE participated in placing the policy with the Plaintiff and/or communicated representations concerning coverage and claim procedures. Upon information and belief, WHOLESURE materially contributed to and/or directed the denial, mishandling, or delay of Plaintiff's insurance claim, as further alleged herein.

**JURISDICTION AND VENUE**

7. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 6 above as though fully set forth herein.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over each Defendant pursuant to 735 ILCS 5/2-209(a), (b), and (c), as each Defendant has transacted business in Illinois and/or committed tortious acts within the State of Illinois, or has sufficient minimum contacts with Illinois such that

the exercise of jurisdiction over them does not offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because one or more Defendants reside in this judicial district for venue purposes, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including but not limited to the negotiation, communications, issuance, servicing, and denial of the subject insurance policy and related claim. Pursuant to 28 U.S.C. § 1391(c)(2), an entity with the capacity to sue and be sued is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

11. On or about November 12, 2024, Plaintiff DENALI EXPRESS INC. ("Plaintiff") procured a commercial physical damage insurance policy, Policy No. B1180D241708/031, underwritten by Certain Underwriters at Lloyd's, London ("LLOYD'S"), with effective dates from November 12, 2024 through November 12, 2025. The policy was placed and bound through an arrangement involving Defendants WHOLESURE LLC d/b/a WHOLESURE BROKERAGE & BINDING ("WHOLESURE"), APPALACHIAN UNDERWRITERS, INC. ("AUI"), and WHITE OAK UNDERWRITING AGENCY ("WHITE OAK"), each of whom participated in the underwriting, placement, and servicing of the policy. EXHIBIT 1.

12. Prior to the loss at issue, Plaintiff submitted, *inter alia*, the identity and motor vehicle record (MVR) of the driver who would be operating the insured unit to Defendants and their agents. In response, Defendant WHOLESURE, acting within its capacity as the producing broker and/or intermediary, expressly confirmed in writing that the driver was

4

"acceptable" to the insurer. EXHIBIT 2. This communication was material to Plaintiff's decision to proceed with placing coverage and assigning the driver to operate its insured vehicle.

13. Plaintiff reasonably relied on WHOLESURE's representation and operated its commercial vehicle accordingly, with the belief that the named driver had been vetted and approved under the relevant underwriting criteria, including those promulgated by WHITE OAK.

14. On or about May 15, 2025, the subject vehicle—a 2025 Kenworth tractor bearing VIN ending in *179874*—was involved in a collision in the ordinary course of commercial transportation, sustaining substantial physical damage. Plaintiff promptly reported the loss to its insurer on or about May 23, 2025, pursuant to the terms of the policy.

15. On or about July 1, 2025, Plaintiff received a written denial of the claim from McCord & Associates, the third-party claims administrator acting on behalf of LLOYD'S. The stated reason for denial was that the involved driver allegedly held multiple non-moving license suspensions, and therefore failed to meet the White Oak Driver Criteria, which purportedly limits drivers to "1 moving or non-moving license suspension within 24 months" as of the date of binding or date of hire.

16. However, the White Oak Driver Criteria do not contain an absolute prohibition on drivers with prior suspensions. Rather, the criteria permit discretionary approval of drivers with prior infractions based on underwriting and operational review. See EXHIBIT 1, Pg. 35 of 46. Plaintiff explicitly submitted the driver's credentials for such review, and received written confirmation of approval through WHOLESURE, a licensed brokerage entity participating in the placement of the subject policy.

17. Despite the prior approval of the driver, the insurer and its agents denied the claim on grounds that directly contradict their prior written statements.

18. The denial constitutes a breach of contract, violates the implied covenant of good faith and fair dealing, and reflects an arbitrary and unreasonable application of underwriting criteria that were inconsistently enforced. Defendants' actions were further exacerbated by their failure to disclose or adhere to internal procedures, and their refusal to honor WHOLESURE's approval of the driver, made on behalf of the underwriting entities.

19. Plaintiff has suffered damages as a result of Defendants' denial, including but not limited to: unreimbursed repair costs of $41,409.97, actual cash value loss, loss of use of the vehicle, business interruption, administrative expenses, and/or other consequential losses.

## COUNT I – BREACH OF CONTRACT
### (Against Underwriters at Lloyd's, London)

20. Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 19 above as though fully set forth herein.

21. On or about November 12, 2024, Defendant LLOYD'S issued a commercial physical damage insurance policy to Plaintiff, Policy No. B1180D241708/031, providing coverage for Plaintiff's scheduled commercial vehicles against risk of physical loss or damage. See EXHIBIT 1.

22. The subject policy was in full force and effect on May 15, 2025, when the insured 2025 Kenworth tractor sustained collision damage in the ordinary course of Plaintiff's business operations.

23. Plaintiff fulfilled all or substantially all material obligations under the policy, including timely reporting of the loss, premium payments, and disclosure of the driver's credentials prior to the incident.

24. Despite written confirmation by WHOLESURE, acting as LLOYD'S authorized agent or intermediary, that the involved driver was "acceptable to the insurer," Defendant LLOYD'S wrongfully denied coverage, asserting the driver did not meet underwriting criteria based on non-moving license suspensions.

25. The White Oak Driver Criteria relied upon in the denial permit discretionary approval of drivers with prior infractions, and are not absolute prohibitions. Plaintiff submitted the driver's MVR and was expressly advised by WHOLESURE that the driver was approved.

26. Defendant LLOYD'S breached the insurance contract by denying a covered claim based on a pretextual, arbitrary, and unreasonable application of internal underwriting guidelines in direct contradiction to prior written approvals.

27. As a result of Defendant's breach, acts and/or omissions, Plaintiff has suffered damages including the unreimbursed value of the damaged vehicle, loss of use, interruption of commercial operations, and consequential losses in an amount to be proven at trial.

WHEREFORE, Plaintiff requests judgment in its favor, together with the relief set forth in the Global Prayer for Relief.

## COUNT II – STATUTORY BAD FAITH AND UNREASONABLE DELAY
### (Against Underwriters at Lloyd's, London) – 215 ILCS 5/155

28. Plaintiff incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein.

29. Defendant LLOYD'S, through its agents, failed to conduct a full, fair, and timely investigation of the submitted claim and relied upon irrelevant or misapplied criteria to deny coverage, despite clear evidence that the driver had been approved prior to the incident.

30. The denial of coverage was not based on a bona fide dispute regarding coverage but rather was vexatious and unreasonable, in violation of the Illinois Insurance Code, 215 ILCS 5/155.

31. As a result of Defendant's bad faith conduct, Plaintiff is entitled to recover attorneys' fees, court costs, and statutory penalties as provided under 215 ILCS 5/155 and in the amount of $60,000.00.

WHEREFORE, Plaintiff requests judgment in its favor, together with the relief set forth in the Global Prayer for Relief.

## COUNT III – COMMON LAW BAD FAITH
**(Against Underwriters at Lloyd's, London)**

32. Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 31 above as though fully set forth herein.

33. Under Illinois common law, an insurer owes its insured a duty of good faith and fair dealing in handling and evaluating claims submitted under the policy.

34. This duty arises from the special relationship between insurer and insured, wherein the insurer exercises significant control over the adjustment, evaluation, and settlement of claims, creating a fiduciary-like responsibility to protect the insured's interests.

35. Defendant LLOYD'S breached its duty of good faith and fair dealing by:

    a. Failing to give equal consideration to Plaintiff's interests when determining whether coverage existed;

    b. Relying on pretextual, arbitrary, and unreasonable underwriting criteria in denying coverage;

    c.   Misrepresenting or disregarding the prior written confirmation from its authorized agent WHOLESURE that the driver was "acceptable" to the insurer; and

    d.   Refusing to conduct a full, fair, and objective investigation of the claim, instead seizing upon irrelevant or discretionary infractions to justify denial.

36. Defendant LLOYD'S acted with conscious disregard for Plaintiff's contractual rights and business interests, thereby elevating its own financial interests above its duty to act fairly and in good faith toward its insured.

37. As a direct and proximate result of Defendant's common law bad faith, Plaintiff has suffered damages including, but not limited to, the unreimbursed cost of the damaged Kenworth tractor, loss of use, interruption of commercial operations, consequential business losses, and other damages to be proven at trial.

38. Plaintiff is further entitled to recover punitive damages to punish Defendant's willful and wanton disregard of its duty of good faith and to deter similar misconduct in the future. Defendant's conduct was willful, wanton, malicious, and undertaken with reckless disregard for Plaintiff's rights, thereby justifying punitive damages

WHEREFORE, Plaintiff requests judgment in its favor, together with the relief set forth in the Global Prayer for Relief.

COUNT IV – NEGLIGENCE
PLEAD IN THE ALTERNATIVE

**(Against WHOLESURE, AUI, and WHITE OAK)**
**Pursuant to 735 ILCS 5/2-2201 and Illinois Common Law**

39. This claim is pled only in the alternative and seeks damages for misrepresentation and negligence servicing independent of the contract claim.

40. Plaintiff incorporates by reference Paragraphs 1 through 19 above as though fully set forth herein.

41. Defendants WHOLESURE, AUI, and WHITE OAK each held themselves out as possessing special knowledge, skill, and/or authority to approve, communicate, evaluate, underwrite, and/or bind insurance coverage on behalf of LLOYD'S and its underwriting syndicates.

42. These Defendants owed Plaintiff a duty of reasonable care in the placement, servicing, and communication regarding the insurance policy, including the evaluation of driver eligibility, provision of accurate underwriting information, and representation of coverage conditions.

43. AUI and WHITE OAK breached their duties by negligently enforcing internal underwriting criteria, failing to provide clarity to the insured regarding driver qualification thresholds, and by contributing to or directing the wrongful denial of coverage without regard to prior written approval of the driver.

44. In alternative, WHOLESURE breached its duty by affirmatively representing that the subject driver was "acceptable" to the insurer, despite either lacking authority to issue such approval, or failing to verify such approval in accordance with LLOYD'S or WHITE OAK's underwriting criteria.

45. At all relevant times, WHOLESURE, AUI, and WHITE OAK were acting within the scope of their actual or apparent authority as agents, intermediaries, administrators, or delegated underwriters for LLOYD'S.

46. As such, Defendant LLOYD'S is vicariously liable for the negligent acts and omissions of WHOLESURE, AUI, and WHITE OAK under the doctrine of *respondeat superior* and/or agency principles recognized under Illinois common law and **735 ILCS 5/2-2201**.

47. As a direct and proximate result of Defendants' negligence, Plaintiff reasonably relied on the representations and omissions of Defendants regarding driver eligibility and coverage, and sustained significant losses following the denial of its claim.

WHEREFORE, Plaintiff requests judgment in its favor, together with the relief set forth in the Global Prayer for Relief.

COUNT V – VICARIOUS LIABILITY
PLEAD IN THE ALTERNATIVE

**(Against Underwriters at Lloyd's, London)**
**(*Respondeat Superior* / Agency Liability)**

48. This claim is pled only in the alternative and seeks damages for misrepresentation and negligence servicing independent of the contract claim.

49. Plaintiff incorporates by reference Paragraphs 1 through 19 and Paragraphs 39 through 47 above as though fully set forth herein.

50. At all times relevant, Defendants WHOLESURE LLC d/b/a WHOLESURE BROKERAGE & BINDING ("WHOLESURE"), APPALACHIAN UNDERWRITERS, INC. ("AUI"), and WHITE OAK UNDERWRITING AGENCY ("WHITE OAK") acted as agents, brokers, intermediaries, delegated underwriters, or authorized representatives of UNDERWRITERS AT LLOYD'S, LONDON ("LLOYD'S"), with express, implied, or apparent authority to bind, issue, and service insurance policies on behalf of LLOYD'S.

51. These entities and individuals engaged in conduct relating to the placement, underwriting, evaluation, and claim handling of the subject policy issued to Plaintiff, and their conduct

was performed within the course and scope of their agency or contractual relationship with LLOYD'S.

52. Specifically, WHOLESURE, acting as a producing broker and/or authorized intermediary, issued written confirmation to Plaintiff that the involved driver was "acceptable to the insurer." This representation induced Plaintiff to assign the driver to operate the insured vehicle.

53. WHITE OAK and/or AUI materially participated in or were delegated authority over underwriting and claims-related decisions, including the standards used to evaluate driver eligibility and the denial of the subject claim.

54. The negligent acts, omissions, and misrepresentations of WHOLESURE, AUI, and/or WHITE OAK—as set forth in this Count and Count IV—were performed within the course and scope of their duties for LLOYD'S and in furtherance of LLOYD'S commercial interests.

55. Lloyd's exercised control over underwriting criteria, delegated authority to WHOLESURE, WHITE OAK and AUI, and ratified their conduct, making it liable under *respondeat superior* and apparent authority doctrines.

56. Lloyd's benefited financially from its agents' actions.

57. Accordingly, LLOYD'S is vicariously liable under the doctrine of *respondeat superior* and Illinois common law agency principles for the negligent acts, errors, and misrepresentations of its agents and authorized delegates.

58. As a direct and proximate result of these actions, Plaintiff has suffered damages including the denial of coverage, financial loss, loss of vehicle use, and other consequential harms.

WHEREFORE, Plaintiff requests judgment in its favor, together with the relief set forth in the Global Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DENALI EXPRESS INC., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants UNDERWRITERS AT LLOYD'S, LONDON; APPALACHIAN UNDERWRITERS, INC.; WHITE OAK UNDERWRITING AGENCY; and WHOLESURE SOLUTIONS LLC d/b/a WHOLESURE BROKERAGE & BINDING, jointly and severally, and award the following relief:

A. COMPENSATORY damages in an amount not less than $41,409.97, representing the physical damage to Plaintiff's 2025 Kenworth tractor resulting from the May 15, 2025 loss;

B. In the alternative, restitution of all premiums and deposits paid by Plaintiff under Policy No. B1180D241708/031, should the Court determine the policy is void, unenforceable, or rescinded;

C. Statutory damages in the amount of **$60,000.00** pursuant to 215 ILCS 5/155, together with reasonable attorneys' fees and court costs;

D. Consequential damages and business losses arising from the denial of coverage, including but not limited to loss of vehicle use, lost income, lost business opportunities, and administrative costs, in an amount to be proven at trial;

E. Punitive damages where authorized by law, including in connection with Plaintiff's claims for common law bad faith, fraud, or other tortious misconduct;

F. Pre-judgment and post-judgment interest as allowed by law;

G. All costs of suit incurred herein; and

H. Such other and further relief as this Court deems just and proper under the circumstances.

This 19th day of August, 2025.

RESPECTFULLY SUBMITTED,

/s/*Igor Bozic*

_____

Igor Bozic, Esq

Attorney Igor Bozic
Attorney for Plaintiff
Denali Express, Inc.
Atty Number: 6315224
777 S Rohlwing Roa
Addison, IL 60101
312-858-8209
igor@nata-law.com